# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GERMAN ZUNIGA, | ) | CASE NO. 1:22-cv-0864 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | U.S. DISTRICT JUDGE |
| | ) | |
| TIM MCCONAHAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | |

On April 25, 2025, Magistrate Judge Knapp issued a Report and Recommendation that the Court dismiss Petitioner German Zuniga's habeas petition on the basis that Ground One was non-cognizable and Ground Two was procedurally default. Zuniga moved for an extension to object, which was granted. Then, on June 13, 2025, Zuniga timely filed objections. The Court now reviews his objections.

Where objections are made to a magistrate judge's R&R this Court must:

> Must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R concluded that Ground Two of Zuniga's Petition had failed to fairly present his constitutional claims in the state court and that Ground One of Zuniga's Petition was fairly resolved in state court. We review *de novo*.

A. **Ground One**

The R&R found that Zuniga had well-argued their Fourth Amendment claim in state court and thus recommended that this claim should be dismissed as non-cognizable. Zuniga argues that a procedural mechanism "certainly existed, but failed," which resulted in the Respondent's frustration in his ability to present his Fourth Amendment claim for consideration. Doc. No. 11, PageID# 488. Under *Stone v. Powell*, a petitioner cannot be granted federal habeas corpus relief on a Fourth Amendment claim if they had a full and fair opportunity to litigate in state court. 428 U.S. 465, 494 (1976). Zuniga plead no contest to the charges and then made a timely appeal to Ohio's Fifth District Court of Appeals. Doc No. 5-1, Page ID# 84. The appellate court affirmed the trial court's decision. *Id.*, PageID# 181. Zuniga then filed a notice of appeal with the Supreme Court of Ohio. *Id.*, PageID# 183. The Supreme Court of Ohio declined to accept jurisdiction of the appeal. *Id.*, PageID# 246. Accordingly, the lower court's ruling stands.

There is no argument made in Zuniga's objection that explains how his rights were deprecated by the process that he received. Zuniga notes in his objection that "he was afforded a hearing and appellate review." Zuniga points to no evidence in the record regarding the "extreme malfunction worthy of protection by this Court." Additionally, controlling precedent prevents a federal court's review of Zuniga's case because he received full due process in the state court. Thus, Zuniga's objection on this Ground is overruled.

B. **Ground Two**

The R&R found that Zuniga failed to present their Fifth and Fourteenth Amendment right claim under the "fair presentation" standard to the state courts. Zuniga argues that he is not required to "recite 'chapter and verse' of constitutional law" and that Judge Knapp erred in finding that he did not present his arguments on direct appeal and to the Ohio Supreme Court.

A Federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). Similarly, the Sixth Circuit has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Nevertheless, the Sixth Circuit "has generally found procedural default when a petitioner made bare assertions of denial of 'rights to a fair trial' or 'due process.'" *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 752 (6th Cir. 2005) (citing *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004)).

When the Respondent filed their Return of Writ, they raised an affirmative defense of procedural default. The State argues that Zuniga failed to present his claims as constitutional issues at every level of state court review. Doc. No. 5, PageID# 43-46. Zuniga offered no counterargument as to the issue of procedural default—let alone mention the term—in their Traverse. Thus, Magistrate Judge Knapp recommended that it be dismissed, *inter alia*, on the grounds of waiver because Zuniga did not present any argument regarding procedural default. In

Zuniga's objection, he argues that his challenges to State evidentiary rules implicated his right to a "fair trial." Additionally, his arguments against the prosecution's expert witness raised the language of the right to a "fair trial." Zuniga contends that these arguments were presented on both direct appeal and to the Ohio Supreme Court, and yet the term "fair trial" cannot be found anywhere within the record from the state court. Zuniga not only did not argue any constitutional claim, but he also entirely omits language related to the Fifth Amendment. His only reference to the Fourteenth Amendment is a general assertion on appeal to the Ohio Supreme Court that "the admission of this testimony was in violation of Appellant's constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution." Doc No. 5-1, PageID# 198. This passing mention and the vague use of "fair trial" are simply not enough; they are merely base allegations. We cannot find in this record evidence that Zuniga fairly presented the constitutional claim arguments in the state court. Thus, Zuniga's objection on this Ground is overruled.

### C. Conclusion

The R&R is adopted in its entirety, and the petition is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

September 19, 2025                          /s/ Judge John R. Adams
                                                                  JUDGE JOHN R. ADAMS
                                                                  UNITED STATES DISTRICT COURT